

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00354-CR

---

LEOPOLDO THOMAS SALAZAR II, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 086795-A-CR, Honorable Dee Johnson, Presiding

---

June 2, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Leopoldo Thomas Salazar II, was convicted by a jury of possession of methamphetamine in an amount of four grams or more but less than 200, enhanced by two prior felony convictions.[1] His sentence was assessed at confinement for 60 years. By a single issue, he challenges the sufficiency of the evidence to support his conviction. We affirm.

---

[1] TEX. HEALTH & SAFETY CODE § 481.115(a), (d); TEX. PENAL CODE § 12.42(d).

BACKGROUND

While on patrol during the night, Officer Auldridge stopped Appellant for a broken brake light, a traffic violation. The officer approached the passenger side door and observed Appellant eating pork rinds from a bag on the passenger seat. He asked Appellant where he was traveling. Appellant told the officer he was going to his house but when the officer confirmed Appellant's address, he told him he was driving in the wrong direction. Appellant then changed his answer and told the officer he was going to a friend's house. The officer described Appellant's behavior as beyond the usual level of nervousness associated with a traffic stop. He referred to Appellant as "acting weird" and "hyper, very amped up." He observed an open container of an alcoholic beverage on the front passenger floorboard and asked Appellant if he could search the vehicle.[2]

Appellant cooperated with the officer and gave him consent to search. The officer directed Appellant to get out of the vehicle and wait by the patrol vehicle. When the officer told Appellant he was going to search the vehicle because of the open container found, Appellant claimed he had given a friend a ride home a few hours earlier. During the search, the officer found a small container in the glove compartment containing a plastic bag of a white crystal substance.[3] He did not, however, find any paraphernalia.

Testing revealed the substance was 5.32 grams of methamphetamine and the officer confirmed that is a large amount to possess. Appellant denied knowledge of the

---

[2] During cross-examination, the officer admitted he did not smell any alcoholic beverages indicative of a DWI.

[3] The officer testified he mistakenly typed in his report that the methamphetamine was found in the center console instead of the glove compartment.

methamphetamine but admitted he had smoked methamphetamine a few days earlier. He was arrested and charged with possession of methamphetamine.

## STANDARD OF REVIEW

Due process requires that a conviction be based on legally sufficient evidence. *Harrell v. State*, 620 S.W.3d 910, 913 (Tex. Crim. App. 2021). The only standard a reviewing court should apply is whether a rational jury could have found each essential element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). When reviewing the sufficiency of the evidence, we consider all evidence, direct and circumstantial and whether properly or improperly admitted, and view it in the light most favorable to the verdict. *Dunham v. State*, 666 S.W.3d 477, 482 (Tex. Crim. App. 2023). The trier of fact is the sole judge of the credibility and weight to be attached to the evidence. *Id.* When the record supports conflicting inferences, we presume the trier of fact resolved those conflicts in favor of the verdict and defer to that determination. *Id.*

## APPLICABLE LAW

To prove possession, the State was required to show Appellant (1) exercised "actual care, custody, control, or management" of the substance and (2) knew the substance possessed was contraband. TEX. PENAL CODE § 1.07(39); TEX. HEALTH & SAFETY CODE § 481.002(38); *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App.

3

2006). Being the sole occupant of the vehicle may satisfy the first element of possession. *Menchaca v. State*, 901 S.W.2d 640, 652 (Tex. App.—El Paso 1995, pet. ref'd).[4]

The jury is the sole judge of the credibility and weight to be attached to the testimony of witnesses. TEX. CODE CRIM. PROC. art. 38.04; *Tate v. State*, 500 S.W.3d 410, 414 (Tex. Crim. App. 2016). A factfinder may "infer that the defendant intentionally or knowingly possessed the contraband if there are sufficient independent facts and circumstances justifying such an inference." *Tate*, 500 S.W.3d at 413–14. Circumstantial evidence can be sufficient to establish guilt; it is not necessary for every fact to point directly and independently to the accused's guilt. *Acosta v. State*, 429 S.W.3d 621, 625 (Tex. Crim. App. 2014).

When a defendant is not in exclusive control of the place the contraband is found, the State must show possession through other facts and circumstances. *Mixon v.* State, 481 S.W.3d 318, 323 (Tex. App.—Amarillo 2015, pet. ref'd). Numerous factors to consider in determining possession or a link to contraband are as follows: (1) the accused's presence when the search was executed; (2) whether the contraband was in plain view; (3) the accused's proximity to and the accessibility of the contraband; (4) whether the accused was under the influence of a controlled substance when arrested; (5) whether the accused possessed other contraband when arrested; (6) whether the accused made incriminating statements; (7) whether the accused attempted to flee; (8) whether the accused made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia was present; (11) whether the

---

[4] Appellant argues there was no evidence to satisfy the elements of "possession" and his connection to the methamphetamine was "merely fortuitous." But in his brief, he admits his sole possession of the vehicle containing contraband could provide an inference he exercised dominion over the vehicle and could have been deemed to have possessed the contraband.

4

accused owned or had the right to possess the place where the drugs were found; (12) whether the place the drugs were found was enclosed; (13) whether the accused was found with a large amount of cash; and (14) whether the conduct of the accused indicated a consciousness of guilt. *Tate*, 500 S.W.3d at 414; *Evans*, 202 S.W.3d at 162 n.12. The number of links is not as important as the combined logical force of all the evidence tending to link the accused to the contraband. *Evans*, 202 S.W.3d at 162, 166.

## ANALYSIS

At trial, the disputed issue was whether Appellant intentionally or knowingly possessed the methamphetamine. He was the sole occupant of the vehicle at the time of the stop.[5] Thus, the jury was free to infer he had possession of the methamphetamine. Appellant argues the second element of possession—that he knew the contraband in the glove compartment was methamphetamine—was not proven because it was "hidden." The State correctly posits the methamphetamine was not "hidden." *See generally Nunn v. State*, 07-08-00493-CR, 2009 Tex. App. LEXIS 7794, at *2, *13 (Tex. App.—Amarillo Oct. 6, 2009, no pet.) (mem. op., not designated for publication) (describing recent modifications to the cargo compartment of the vehicle as a "hidden compartment"). In the underlying case, the methamphetamine was in an enclosed compartment—the glove compartment.

If we assume Appellant was not in exclusive control of the vehicle because he claimed to have had a passenger a few hours earlier, the State ultimately linked him to

---

[5] Appellant asserts the State did not establish his ownership or exclusive possession of the vehicle because he had a passenger a few hours earlier. The jury could infer Appellant owned the vehicle for three reasons: (1) he acknowledged the broken brake light and claimed he intended to fix it himself; (2) one of the responding officers testified Appellant's father was called to come pick up the vehicle; and (3) Appellant did not mention a passenger until after Officer Auldridge asked to search the vehicle a second time.

5

possession of the methamphetamine via other factors. He was present during the search. His claim that he was not in proximity to the methamphetamine was disputed by the officer's body cam footage showing him reaching for pork rinds inside a bag on the passenger's seat. At the time of the stop, he had the right of possession to the vehicle where the drugs were found. The methamphetamine was in an enclosed, not hidden, place. He made an incriminating statement that he had smoked methamphetamine a few days earlier. Finally, his conduct showed a consciousness of guilt. He was fidgety and nervous and lied about where he was going. The body cam footage shows non-verbal clues of Appellant's uneasiness while he waited in front of the patrol vehicle. He moaned, rubbed his face several times, and placed his head in his hands. Before searching the vehicle, the officer told Appellant, "you said there's nothing in there and I hope there's not but if there is, I'm going to find it." After what seemed like a long pause, Appellant for the first time revealed he had a passenger a few hours earlier.

Based on the combined and cumulative force of the evidence and inferences therefrom, the jury was free to infer Appellant intentionally or knowingly possessed the methamphetamine. The evidence is sufficient to support his conviction. His sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Alex Yarbrough<br>
Justice

Do not publish.

6